**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Hugo HERNANDEZ–SERRANO, also
known as Hugo Hernandez,
Defendant–Appellant.**

No. 07–50739.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Hugo Hernandez–Serrano raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary af-

firmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Antonio CASTRO–VENTURA, also
known as Antonio Castro, also known
as Carlos Cabrera, also known as
Tono Juarez, also known as Antonio
Ventura Castro, also known as Antonio Ventura, also known as Castro
Ventura Ventura, also known as Tono
Guarez, also known as Antonio Ventura Juarez, Defendant–Appellant.**

No. 07–50959.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM: *

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Appealing the Judgment in a Criminal Case, Antonio Castro–Ventura raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Cruz RAYMUNDO–BAUTISTA,**
**Defendant–Appellant.**

**No. 07–50630**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2007.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Jose Cruz Raymundo–Bautista raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.